UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 13-00764 WHO |
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING TRIAL** |
| | ) | |
| LUPE MERCADO, | ) | |
| | ) | |
| Defendant. | ) | |

This matter came before the Court on December 3, 2013, for a detention hearing. Defendant Lupe Mercado was present and represented by Tony Tamburello, Esq. Assistant United States Attorneys William Frentzen and Damali Taylor appeared for the government.

Pretrial Services submitted a report to the Court and the parties that recommended detention, and a representative of Pretrial Services was present at the hearing. The government moved for detention, and defendant opposed. Proffers and arguments regarding detention were submitted by the parties at the hearing.

Upon consideration of the facts, proffers and arguments presented, the Court finds by a preponderance of the evidence that no condition or combination of conditions of release will

reasonably assure the appearance of the defendant as required. The Court also finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons and the community. Accordingly, the Court concludes that defendant must be detained pending trial in this matter.

The present order supplements the Court's findings at the detention hearing and serves as written findings of fact and a statement of reasons as required by 18 U.S.C. § 3142(i)(1).

With respect to all of the subsequent findings, this case involves a presumption in favor of detention pursuant to 18 U.S.C. § 3142(e) because the defendant has been charged by Grand Jury indictment with violating 18 U.S.C. § 924(c)(1), using, carrying and possessing a firearm in connection with a crime of violence, and 18 U.S.C. § 924(j), using a firearm resulting in murder. While the ultimate burden of persuasion rests upon the government, given the presumption, it is the finding of the Court that defendant did not make proffer of facts or information sufficient to rebut the presumption.

The Court makes the following findings as a basis for its conclusion that no condition or combination of conditions of release will reasonably assure the appearance of defendant Mercado. First, defendant is facing an extremely lengthy possible sentence which would include a mandatory minimum life sentence plus 10 years. Second, defendant Mercado was on probation for two separate felony convictions at the time that this offense allegedly occurred – one out of San Mateo County and one out of Santa Clara County. Third, defendant lacks a stable employment history. Fourth, the defendant has a lengthy criminal history which, while it largely involves crimes such as theft and fraud, is nearly continuous. Defendant also demonstrates a history of violating probation and/or parole and not following the conditions set by other courts. For these reasons, the Court deems defendant Mercado to present a risk of flight that cannot be mitigated adequately by conditions of release.

The Court makes the following findings as a basis for its conclusion that no condition or combination of conditions will reasonably assure the safety of other persons and the community as to defendant Mercado. First, while the Court considers the facts of the instant case to be the least

important factor in its determination regarding detention, this case involves a crime of violence and a firearm in murder.   While defendant Mercado is not presumed to have fired the shots that killed the victim, both a Grand Jury and a San Francisco Superior Court Judge have found that probable cause exists that she aided and abetted the murder.   Additionally, defendant Mercado is charged with associating herself with her co-conspirators and co-defendants, in violation of 18 U.S.C. § 1959(a), which demonstrates a danger to the community and to the witnesses in this case. Although the government concedes that they do not currently have evidence that Mercado was a member of CDP, it was proffered at the hearing that members of the allegedly criminal enterprise, CDP, have previously engaged in witness intimidation in other cases.   Second, there was evidence proffered demonstrating that defendant and her co-defendant, Barry Gilton, were present in Los Angeles on May 27, 2012, when the victim was non-fatally shot at.   According to the proffer, both Mercado and Gilton fled from Los Angeles to San Francisco the night after that shooting and both Mercado and Gilton lied to police about Gilton being present in Los Angeles. Third, the instant charges allege use of a firearm.   For these reasons, the Court deems defendant Mercado to present a risk of danger to other persons and the community that cannot be mitigated adequately by conditions of release.

      Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

      1.      Defendant Mercado be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

      2.      Defendant Mercado be afforded reasonable opportunity for private consultation with counsel; and

      3.      On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which defendants are confined shall deliver defendant to an authorized deputy United States marshal for the purpose of any appearance in connection with a court proceeding.

      SO ORDERED.

Dated: December 13, 2013

HON. JACQUELINE SCOTT CORLEY
United States Magistrate Judge