UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

MONZELL HARDING,

Defendant.

Case No. 13-cr-00764-WHO-1

**ORDER GRANTING HARDING'S MOTION TO SUPPRESS CELL PHONE DATA**

Re: Dkt. No. 489

On January 22, 2010 at 5:44 p.m., San Francisco police officers downloaded the contents of defendant Monzell Harding's cell phone. He had been detained at 1:17 p.m. because he was a suspect in the theft of an iPod on a city bus on January 15, 2010. Harding moves to suppress the downloaded cell phone data, and all fruits of that search, on the ground that the data was seized in violation of the Fourth Amendment. The Ninth Circuit reversed the denial of a motion to suppress in a case that is on all fours with this one, *see United States v. Camou*, 773 F.3d 932 (9th Cir. 2014), and I am bound to follow that decision. Accordingly, I GRANT Harding's motion to suppress.

In 2014, the Supreme Court held in *Riley v California*, 134 S. Ct. 2473 (2014), that the police cannot, without a warrant, search digital information on a cell phone seized incident to arrest. There is no doubt that if the search at issue here had occurred after *Riley* was decided, it would be illegal. But the search occurred in 2010. The government argues that the controlling law in California at that time is described in *People v Diaz*, 51 Cal.4th 84 (2011), and the California Court of Appeal case it superseded, *People v Diaz*, 165 Cal. App. 4th 732 (2008), both of which upheld the warrantless search of a cell phone following an arrest. The government contends that evidence obtained during a search conducted in reasonable reliance on such precedent is not subject to the exclusionary rule, citing *Davis v. United States*, 131 S. Ct. 2419

United States District Court
Northern District of California

(2011).

The government dismisses the relevance of *Camou* because it is a post-*Riley* case but fails to address the undeniable similarities of that case and this one. As relevant here, in August 2009, Border Patrol agents in California stopped a truck driven by Camou that contained an undocumented immigrant. 773 F.3d at 935. They arrested and handcuffed Camou. *Id.* An hour and twenty minutes after his arrest, they searched his cell phone. *Id.* at 936. On appeal, Camou argued that the warrantless search was unconstitutional because the search was not incident to arrest and no other exception to the warrant requirement applied. *Id.* at 937. The Ninth Circuit agreed. Harding's arrest also occurred in California, in the same time period relative to *Riley* and *Diaz*, and his motion to suppress likewise involves the search of a cell phone following an arrest. A significantly longer period of time passed between Harding's detention and the search of his cell phone, but that distinction does not help the government.

Because the government fails to address *Camou* in substance, and I am following *Camou*, I will describe the court's analysis in some detail. The court first determined that the search occurring an hour and twenty minutes after the arrest was not a search incident to arrest because it was not "roughly contemporaneous" with the arrest. *Id.* at 938-39. The search here appears even less contemporaneous with Harding's arrest, and the government does not explain how the "roughly contemporaneous" requirement could be satisfied here, given that it was not satisfied in *Camou*. The downloading of Harding's cell phone was not a valid search incident to arrest.

The court in *Camou* next considered whether there was probable cause to believe that the cell phone contained evidence of a crime and whether exigent circumstances required immediate police action, thereby justifying the search under the exigency exception. It quoted *United States v McConney*, 728 F.2d 1195 (9th Cir. 1984) (en banc) *overruled on other grounds by Estate of Merchant v Comm'r*, 947 F.2d 1390, 1392-93 (9th Cir. 1991), defining exigent circumstances as "those circumstances that would cause a reasonable person to believe that entry or search was necessary to prevent physical harm to the officers or other persons, the destruction of relevant evidence, the escape of the suspect, or some other consequence improperly frustrating legitimate law enforcement efforts." *Camou*, 773 F.3d at 940 (internal quotation marks and alterations

omitted). It found that there were no "imminent" or "now or never" circumstances to justify the cell phone search. *Id.* at 941 (internal quotation marks omitted).

The same is true here. Harding's detention occurred at 1:17 p.m., he was Mirandized at 3:55 p.m. and interviewed until 4:42 p.m., and then his cell phone was downloaded at 5:44 p.m. The government does not identify any urgent circumstances that necessitated the warrantless search; it simply argues that in 2010 it was common practice for officers to download cell phones several hours after arrest in light of *United States v. Edwards*, 415 U.S. 800 (1974), where the Supreme Court held that an arrestee's clothing could be taken ten hours after arrest. But the information available through the search of a cell phone, on the one hand, and personal property like clothing, on the other, are simply not comparable. As the Supreme Court noted in *Riley*, cell phones "are based on a technology nearly inconceivable just a few decades ago." 134 S. Ct. at 2484; *see also United States v Garcia*, 68 F. Supp. 3d 1113, 1120 (N.D. Cal. 2014) ("The purposes of, and expectations surrounding, a cigarette pack and a cell phone are so different that it cannot reasonably said that a case permitting the search of one object 'specifically authorized' the search of the other."). The downloading of Harding's cell phone was not justified under the exigency exception. *See Camou*, 773 F.3d at 940-41. In reaching this conclusion, I am in good company in this district. *See United States v. Martinez*, No. 13-cv-00794-WHA, 2014 WL 3956677, at *5 (N.D. Cal. Aug. 12, 2014) (finding no exigent circumstances where cell phone was searched less than two hours after arrest, as "there was no danger that [the defendant] might somehow access his phone once the police had placed him into custody and thus gained 'exclusive control' over that phone"); *United States v Gibson*, 11-cr-00734-WHA, 2012 WL 1123146, at *10 (N.D. Cal. Apr. 3, 2012) (cell-phone search occurring one to two hours after arrest was not justified under the exigency exception).

After addressing two other issues not relevant here (the vehicle exception and the inevitable discovery rule) the *Camou* court turned to the issue most strenuously argued by the government, the good faith exception. 773 F.3d at 944-45. Under that exception, when an officer executes an unconstitutional search in "good faith" or on "objectively reasonable reliance," the exclusionary rule does not apply. *Id.* at 944. In *Camou*, the government "fail[ed] to assert that

[the agent] relied on anyone or anything in conducting his search of Camou's cell phone, let alone that any reliance was reasonable." *Id.* at 945. The court concluded that the good faith exception did not apply because the governing law at the time of the search made clear that a search incident to arrest had to be contemporaneous with the arrest. *Id.* at 944-45. "The government ha[d] not met its burden to prove that a reasonably well-trained officer in [the agent's] position could have believed that the search of Camou's cell phone one hour and 20 minutes after Camou's arrest was lawful." *Id.* at 945.

The government here asserts that there was governing law on which the officers could rely in January 2010 – i.e., the *Diaz* decisions – and urges me to follow the Hon. Jon S. Tigar's opinion in *United States v Garcia*, 68 F. Supp. 3d 1113 (N.D. Cal. 2014), in this regard. But there are at least three reasons why the holding in *Garcia* does not apply to this case.

First, the arrest at issue in *Garcia* occurred in August 2011, after the California Supreme Court had issued its decision in *Diaz* in January 2011. *Garcia*, 68 F. Supp. 3d at 1114. Harding's arrest occurred in January 2010. The petition for review of the underlying California Court of Appeal decision in *Diaz* was granted on October 28, 2008, at which point the decision was considered unpublished and of no precedential value. *See People v. Diaz*, 196 P.3d 220 (Cal. 2008); *see also* Cal. R. Ct. 8.1105(e)(1). Further, even if the petition for review in the California Court of Appeal decision in *Diaz* had not been granted in January 2010, the government cites no case indicating that an intermediate state court of appeal decision constitutes binding precedent for the purposes of the good faith exception. Indeed, Judge Tigar specifically noted that the good faith issue in *Garcia* "might be a different question…if [the California Supreme Court's decision in *Diaz*] had been issued by an intermediate state court of appeal." *Garcia*, 68 F. Supp. 3d at 1120.

Second, *Garcia* was decided on September 12, 2014, approximately three months before *Camou* was issued. And third, there is no indication that the temporal connection between the arrest and the disputed search in *Garcia* was nearly as attenuated as it was in this case and in *Camou*.

The government argues that application of the exclusionary rule in this case serves no

purpose since the law is now clear but was not in 2010. I have some sympathy for this argument, and for the assertion that in 2010 it was standard practice for the police to download cell phones seized incident to arrest. But the government offers no authority suggesting that a warrantless search such as this one was "specifically authorized" by "binding appellate authority" in 2010. *See Garcia*, 68 F. Supp. 3d at 1120. The Ninth Circuit reversed the denial of the motion to suppress in *Camou*. There is no material distinction, legally, between that case and this one. For the reasons stated above, Harding's motion to suppress is GRANTED.

**IT IS SO ORDERED**.

Dated: December 1, 2015

WILLIAM H. ORRICK
United States District Judge

United States District Court
Northern District of California