UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>      v.<br>ALFONZO WILLIAMS,<br>    Defendant. | Case No. 13-cr-00764-WHO-1<br><br>**ORDER DENYING MOTIONS TO SUPPRESS REGARDING CELL SITE LOCATION INFORMATION**<br><br>Re: Dkt. Nos. 605, 615, 622, 627, 687 |

## INTRODUCTION

During the investigation of this RICO prosecution of the Central Divisadero Players, the government submitted several applications under the Stored Communications Act ("SCA"), 18 U.S.C. § 2701 et seq., to obtain the historical cell site location information ("CSLI") for certain defendants' cell phones. Defendants Williams (Dkt. No. 622), Robeson (Dkt. Nos. 615, 627), Young (Dkt. No. 687), and Gordon (Dkt. No. 605) filed motions to suppress the government's use of their CSLI, arguing that the government's applications were granted pursuant to a standard of "specific and articulable facts," rather than probable cause, as required under the Fourth Amendment. I heard argument on January 8, 2016.

This Order agrees with the well-reasoned opinions of the Hon. Lucy H. Koh in *In re Application for Tel. Info. Needed for a Criminal Investigation*, 2015 WL 4594558 (N.D. Cal. July 29, 2015), and the Hon. Susan Illston in *United States v. Cooper*, 2015 WL 881578 (N.D. Cal. Mar. 2, 2015), and finds that defendants had a reasonable expectation of privacy in the CSLI. Probable cause was necessary to obtain it. Nonetheless, I DENY the motions to suppress because the good faith reliance exception to the exclusionary rule applies. Suppression is inappropriate because the government submitted the applications in accordance with the SCA, four different magistrate judges reviewed and granted the applications, and it was reasonable at the time for the

government to rely both on the SCA and the magistrate judges' determinations.

## BACKGROUND

Each motion depends on the same set of uncontested facts. In each of the instances described below, the government asked a magistrate judge to find "specific and articulable facts" – not probable cause – to believe that the CSLI was relevant and material to an ongoing criminal investigation, and the magistrate judge authorized the disclosure. The evidence received, including phone numbers, timestamps, call durations, and cell-site locations, will be used as evidence of the defendants' locations at various relevant times during the case.

The applications[1] regarding defendant Williams covered March 30, 2012 to May 29, 2012 on Williams's cell phone; January 24, 2010 to March 25, 2010, April 12, 2010 to June 11, 2010, and June 13, 2010 to August 12, 2010 on a phone Williams used under the name "Jim Jones;" and April 12, 2010 to June 11, 2010 on a phone that Williams used under the name "Lisa Compton." The application for Robeson was for July 1, 2012 to October 19, 2012. The application for Young was for July 1, 2012 to October 19, 2012. The application for Gordon was for May 1, 2011 to November 17, 2011.

## DISCUSSION

### I. DEFENDANTS HAVE A REASONABLE EXPECTION OF PRIVACY IN THEIR HISTORICAL CSLI

The material facts underlying these motions are indistinguishable from those discussed by Judge Koh in *In re Application for Tel. Info.*, and I cannot improve on her analysis. She began by describing cell phone technology and how CSLI is collected. 2015 WL 4594558, at *1-3. She described the statutory framework and the government's SCA applications under 18 U.S.C. § 2703(d). *Id.* at *3-5. Then she explained Fourth Amendment principles, discussing seminal United States Supreme Court cases on electronic surveillance such as *United States v. Knotts*, 460 U.S. 276 (1983), which allowed the government to use a beeper to track a vehicle's movements on public roads but left open the possibility that advances in surveillance technology would require a

---

[1] This list does not include applications for administrative subpoenas made by the FBI directly to Sprint or Metro PCS. None of those sought CSLI.

new test regarding privacy; *United States v. Karo*, 468 U.S. 705 (1984), which cabined *Knotts* to surveillance in public places; *United States v. Jones*, 132 S. Ct. 945 (2012), where the Court concluded that prolonged electronic location monitoring by the government through use of a GPS tracking device, even when limited to public places, infringes on a legitimate expectation of privacy; and, finally, *Riley v California*, 134 S. Ct. 2473 (2014), which required the police to obtain a warrant to search the contents of an arrestee's cell phone.

Based on those cases, Judge Koh divined three principles: "(1) an individual's expectation of privacy is at its pinnacle when government surveillance intrudes on the home; (2) long-term electronic surveillance by the government implicates an individual's expectation of privacy; and (3) location data generated by cell phones, which are ubiquitous in this day and age, can reveal a wealth of private information about an individual." 2015 WL 4594558, at *9. Applying these principles, she concluded that individuals have a reasonable expectation of privacy in historical CSLI. *Id.* In making this finding, she approvingly cited Judge Illston's decision in *Cooper*, which also discusses the ubiquitous nature of cell phones in modern life, the enormous amount of personal information contained in them, the ability to determine a phone-owner's physical location even when not on the phone, and the likelihood that calls will be made from a user's home, where an individual's reasonable expectation of privacy is especially acute. *See Cooper*, 2015 WL 881578, at *6-8.

Like Judges Koh and Illston, I hold that probable cause is required to obtain historical CSLI. The "specific and articulable facts" standard applied by the magistrate judges here is lower than that. As a result, the SCA orders did not justify the seizure of defendants' CSLI.

## II. THE GOOD FAITH RELIANCE EXCEPTION APPLIES

The analysis of the motions to suppress does not end with that holding. The government asserts that the exclusionary rule should not apply because of the good faith reliance exception. I agree.

In *United States v. Leon*, 468 U.S. 897 (1984), the Court held that the exclusionary rule does not apply to "evidence obtained in objectively reasonable reliance on a subsequently invalidated search warrant." *Id.* at 922. "If the purpose of the exclusionary rule is to deter

unlawful police conduct," the Court explained, "then evidence obtained from a search should be suppressed only if it can be said that the law enforcement officer had knowledge, or may properly be charged with knowledge, that the search was unconstitutional under the Fourth Amendment." *Id.* at 919 (internal quotation marks omitted). The Court has since stated that "the basic insight" of *Leon* and other similar cases

> is that the deterrence benefits of exclusion vary with the culpability of the law enforcement conduct at issue. When the police exhibit deliberate, reckless, or grossly negligent disregard for Fourth Amendment rights, the deterrent value of exclusion is strong and tends to outweigh the resulting costs. But when the police act with an objectively reasonable good faith belief that their conduct is lawful, or when their conduct involves only simple, isolated negligence, the deterrence rationale loses much of its force, and exclusion cannot pay its way.

*Davis v. United States*, 131 S. Ct. 2419, 2427-28 (2011) (internal quotation marks, citations, and alterations omitted). In line with these principles, evidence generally will not be suppressed when the magistrate, not the officer, errs. *United States v. Mendonsa*, 989 F.2d 366, 369 (9th Cir. 1993); *see also Davis*, 131 S. Ct. at 2428 ("punishing the errors of judges is not the office of the exclusionary rule") (internal quotation marks and alterations omitted). In a case involving a subsequently invalidated search warrant, absent "an allegation that the magistrate abandoned his detached and neutral role, suppression is appropriate only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause." *Leon*, 468 U.S. at 926.

Here, as Judge Illston found in *Cooper*, 2015 WL 881578, at *9, and as the Hon. Ellen Segal Huvelle found in *United States v. Jones*, 908 F. Supp. 2d 203 (D.D.C. 2012),[2] the good faith reliance exception applies. *See also United States v. Graham*, 796 F.3d 332, 361-63 (4th Cir. 2015) (applying good faith reliance exception to historical CSLI obtained pursuant to SCA order) *reh'g en banc granted*, 624 F. Appx. 75 (2015); *United States v. Letellier*, No. 13-cr-10309, 2015 WL 6157899, at *2 (D. Mass. Oct. 20, 2015) (same); *United States v. Thomas*, No. 15-cr-00080, 2015 WL 5999313, at *6-9 (E.D. Va. Oct. 13, 2015) (same). There is no reason to find that the

---

[2] Although *Jones* concerned SCA orders for prospective as opposed to historical CSLI, the case's good faith analysis is largely applicable here. *See Jones*, 908 F. Supp. 2d at 214-16.

magistrate judges abandoned their detached and neutral roles, that the officers were dishonest or reckless in preparing their applications, or that that the officers lacked an objectively reasonable belief that probable cause existed.  *See Leon*, 468 U.S. at 926.  The issues under the SCA were new; the role of cell phone technology and the accuracy of CSLI were rapidly evolving; and there was scant precedent on which to rely to require probable cause.  The applications complied with the letter of the SCA.  Four different magistrate judges reviewed and approved the applications.  It was reasonable for the government to seek the applications, and reasonable for it to rely on the magistrate judges' orders.  Given the government's reasonable reliance on the statute and the magistrate judges' orders, the good faith exception applies here, and the exclusionary rule does not.

## CONCLUSION

Accordingly, the motions to suppress CSLI by defendants Williams, Robeson, Young, and Gordon are DENIED.

**IT IS SO ORDERED**.

Dated: February 9, 2016



WILLIAM H. ORRICK
United States District Judge