BRIAN J. STRETCH (CABN 163973)
Acting United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

DAMALI A. TAYLOR (CABN 262489)
WILLIAM FRENTZEN (LABN 24421)
SCOTT D. JOINER (CABN 223313)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-6753
    damali.taylor@usdoj.gov; william.frentzen@usdoj.gov

Attorneys for the United States of America

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 13-00764-WHO |
| v. | **UNITED STATES' REPLY RE: GORDON PROPOSED DEFENSE EXPERT** |
| ALFONZO WILLIAMS, et al., | |
| Defendants. | |

## BACKGROUND

Defendant Gordon proposed to have a *Daubert* hearing regarding DNA evidence for the government's expert – despite the functionally universal acceptance of the legitimacy of DNA evidence. Because the Court will engage in such a hearing, there is no principled basis to not have both experts – the government's expert and the defense expert – tested regarding the proper bounds and bases for their respective testimonies. Such a hearing can be conducted on the same date for convenience and simplicity should the Court desire that procedure. Defendant Gordon offers no logic, facts, or case law for the proposition that the government's expert should be tested, but Gordon's not tested.

## ARGUMENT

The government submits that DNA evidence is generally sufficiently reliable for admission at trial. The government does, however, express concern regarding the opinions expressed by proposed expert Marc Taylor regarding "touch DNA," as he refers to it. Government counsel has dealt with this issue before and does not agree with all of the opinions expressed in the letter by counsel for defendant Gordon. While this may amount to semantics regarding whether Mr. Taylor's opinion was properly conveyed by counsel for Gordon or not, there are issues with the opinions expressed. For example, undersigned government counsel has information and belief from prior cases that opinion 2.C. from defendant Gordon is inaccurate or, at a minimum, incomplete. While "touch DNA" can convey DNA from a secondary source, third party transfer DNA does not typically occur without there being a mixture with similar quantities of DNA from both sources – the transferor and the third party. Again, this may be a matter of semantics but it should be fully examined prior to trial to ensure that Mr. Taylor has sufficient bases for his opinions.

What the law has widely accepted is DNA analysis performed by a qualified examiner in a laboratory to take known DNA sample(s) and questioned sample(s) and determine whether there are matches, mixtures, exclusions, etc., and the probabilities of profiles in given populations. What is less tested and accepted are the types of opinions expressed by Mr. Taylor – not laboratory tests, but opining in general about possibilities of DNA transfers. That is not an area that is typically opined about in the experience of the government. And certainly defendant Gordon has not demonstrated to the government or to the Court that any of Mr. Taylor's opinions are well-established and accepted. While they might be, they are far more questionable than the simple act of DNA analysis in a proper laboratory – something that will be the subject of a Daubert examination in this case. In fact, the defendants have received report after report and vast amounts of underlying data and bench notes and procedures from the government's experts. Defendant Gordon has provided nothing of the sort other than a two page summary of an unsupported opinion. This is not tit-for-tat, as Gordon alleges, Def.'s Mot. at 2. but

simple logic.  If the more accepted principle, with vast more evidentiary support, is being questioned in a hearing in this case, then shouldn't the less reliable and thus far completely unsupported also be tested through a hearing?

Furthermore, the notice provided is too vague with respect to opinion 3 in that it simply indicates that "Mr. Taylor will discuss the problems inherent with making assumptions when interpreting mixtures and the impact of those assumptions on the final conclusions of the lab."  That opinion is sufficiently vague to require further explanation and to hold a hearing to determine if Mr. Taylor can support whatever his actual opinions might be.

Defendant Gordon's Opposition does not spell out the reasons why a hearing would be inappropriate regarding this testimony.  Instead, he appears to complain that he may not be sufficiently prepared to engage in a Daubert hearing.  That is certainly not a basis for the Court to abandon its gate-keeping function.  Defendant Gordon also contends that Mr. Taylor will be a "rebuttal expert" at trial.  Fed. R. Crim. P. 16(b) and *Daubert* govern any witness presented in the defendant's case – and the defendant does not get a rebuttal case.  Whether or not Mr. Taylor examined the DNA itself is further grounds that there should be a *Daubert* hearing to determine whether or not he has a sufficient basis to opine about evidence that he himself did not analyze.  For these reasons, the government requests that the Court hold a *Daubert* hearing for Mr. Taylor as well as for the government DNA expert.

**CONCLUSION**

For all of the above reasons, the government respectfully requests that the Court hold a hearing regarding the proposed testimony.

Dated: February 16, 2016

Respectfully submitted,
MELINDA HAAG
UNITED STATES ATTORNEY

By:  _____/s/_____
Damali Taylor
William Frentzen
Scott Joiner
Assistant United States Attorneys

4