MARK GOLDROSEN, ESQ. (CSBN 101731)
Attorney at Law
255 Kansas Street, Suite 340
San Francisco, CA 94103
Telephone: (415) 565-9600
Facsimile: (415) 565-9601

Attorney for Defendant ANTONIO GILTON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff<br><br>vs.<br><br>ANTONIO GILTON,<br><br>　　Defendant. | CR No. 13-0764-WHO<br><br>DEFENDANT ANTONIO GILTON'S NOTICE OF MOTION AND MOTION FOR SEVERANCE FROM CO-DEFENDANT JAQUAIN YOUNG<br><br>DATE: May 6, 2016<br>TIME: 9:00 a.m.<br>COURT: Hon. William H. Orrick |

TO THIS HONORABLE COURT, ASSISTANT UNITED STATES ATTORNEYS WILLIAM FRENTZEN, DAMALI TAYLOR, AND SCOTT JOINER AND ALL DEFENSE COUNSEL:

　　PLEASE TAKE NOTICE that Defendant Antonio Gilton hereby moves to sever his trial from that of co-defendant Jaquain Young. The basis for this Motion is that the Government intends to introduce at trial statements made by Young which incriminate Mr. Gilton and which are not admissible as co-conspirator statements.

　　This Motion is based on the attached Memorandum and the papers and pleadings on file in this matter. It is made pursuant to Rule 14 of the Federal Rules of Criminal Procedure, Mr. Gilton's rights to due process, effective counsel, compulsory process and confrontation of the evidence and preparation of a defense under the Fourth, Fifth, and Sixth Amendments to the

1

United States Constitution, and the general supervisory powers of this Court.[1]

Dated: March 11, 2016                                Respectfully submitted,

                                                  /s/
                                              MARK GOLDROSEN
                                              Attorney for Defendant
                                              Antonio Gilton

---

[1] The undersigned was not present at the March 4, 2016 hearing, at which the Court and the parties discussed the hearing of this motion. The undersigned was informed that the Court contemplated having the motion heard prior to the date of the pretrial conference. The government, however, is unable to meet a briefing schedule that allows for an earlier hearing date due to its having to prepare responses to defense motions in limine. As a result the parties agreed to a briefing schedule in which the government's response is due April 22, 2016, Gilton's reply is due April 29, 2016, and the motion will be heard on May 6, 2016.

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. **Introduction**

On June 18, 2014, the Government recorded a jailhouse conversation between co-defendant Jaquain Young and an inmate informant. At the time, Young was in custody following his indictment for (1) attempted enticement of a minor to engage in violation of 18 U.S.C. § 2422(b); and (2) attempted enticement of an individual to travel for prostitution in violation of 18 U.S.C. § 2422(a) *United States v. Young*, No. 13-cr-00229-EMC (N.D. Cal. Filed Mar. 13, 2013).   The Government has summarized this conversation as follows:

> Defendant Young made a number of admissions concerning himself and other members of CDP. These include statements about the murder of Jelvon Helton and the FBI investigation into that murder; statements about his girlfriend's attempts to conceal evidence; statements about himself and other members possessing and hiding guns; statements about himself and other members committing murder; statements about the RICO case that his fellow gang members had been charged with and whether Young would also be charged.

November 24, 2015 Letter to Defense Counsel.

On February 24, 2016, this Court issued a ruling granting in part, and denying in part, Young's motion to exclude his statements to the informant pursuant to *Massiah v. United States*, 377 U.S. 201 (1964). Dkt. No. 895.  The Court suppressed Young's statements about pimping, but, at least for now, allowed testimony about Young's other statements.  Order at 13. The statements permitted included "Young's statements regarding CDP, its members, and the crimes they are involved in."  Order at 4, 13.

The Government has said that it intends to introduce that portions of the recorded statement found admissible both as substantive admissions by Young as well as co-conspirator statements under FRE 801(d)(2)(E).  *See* Dkt. No. 851, United States' Consolidated Statement Regarding Additional Acts the Government Intends to Introduce at Trial, p. 2, line 18 [seeking to introduce "Defendant Young's statements regarding his partners and the crimes they are involved in"]; Dkt. No. 738, United States' Opposition to Defendant Young's Second Motion to Suppress His Recorded Statements, p. 4, line 21 ["Defendant Young's statements regarding CDP, its members, and the crimes they are involved in"].)

The incriminating nature of the statement made by Young is obvious. To the extent it

3

concerns "CDP, its members, and the crimes they are involved in," it neatly outlines the entirety of the alleged conspiracy the Government seeks to prove. However, as will be shown below, the statement does not qualify as a co-conspirator statement under Rule 801(d)(2)(E), because it was not made during the course of the alleged conspiracy or in furtherance of it. Moreover, its admission for any other purpose - e.g., as an admission by Young - would seriously prejudice Mr. Gilton and violate his Sixth Amendment right to confrontation. Severance is thus the only appropriate remedy.

**II. <u>Young's Statement Does Not Qualify as a Co-Conspirator Statement Because It Was Not MadeDuring the Course of the Alleged Conspiracy or In Furtherance of It.</u>**

Federal Rule of Evidence 801(d)(2)(E) holds that statements made by co-conspirators "during the course and in furtherance of the conspiracy" are not made inadmissible by the hearsay rule. However, before admitting a statement under this rule, the Government must show that "(1) the declaration was in furtherance of the conspiracy, (2) it was made during the pendency of the conspiracy, and (3) there is independent proof of the existence of the conspiracy and of the connection of the declarant and the defendant to it." *United States v. Eubanks*, 591 F.2d 513, 519 (9th Cir. 1979).

The Ninth Circuit has narrowly interpreted the "in furtherance" language of Rule 801(d)(2)(E). The rule does not apply to "[m]ere conversations between co-conspirators, or merely narrative declarations among them." *United States v. Yarbrough*, 852 F.2d 1522, 1535 (9th Cir. 1988). Nor does it apply to "casual admission[s] of culpability to someone [the declarant has] individually decided to trust." *United States v. Fielding*, 645 F.2d 719, 726 (9th Cir. 1981); *United States v. Castillo*, 615 F.2d 878, 883 (9th Cir. 1980). Rather, to be "in furtherance," the statements must further the common objectives of the conspiracy or set in motion transactions that are an integral part of the conspiracy. *Eubanks*, 591 F.2d at 520. In short, the statements must assist the conspirators in achieving their objectives. *Id*.

Moreover, statements made after a co-conspirator has been apprehended are generally not considered "in furtherance" of the conspiracy, except where the purpose of the statement is concealment. *See Fiswick v. United States*, 329 U.S. 211, 217 (1946). "[C]onfession or

4

admission by one coconspirator after he has been apprehended is not in any sense a furtherance of the criminal enterprise. It is rather a frustration of it." *Id*. Once a co-conspirator confesses the existence of the conspiracy, he "cease[s] to act in the role of a conspirator." *Id*.

Whether a statement was made "in furtherance" of a conspiracy depends not "on its actual effect in advancing the goals of the conspiracy, but on the declarant's intent in making the statement." *United States v. Nazemian*, 948 F.2d 522, 529 (9th Cir. 1991). For example, in *United States v. Fielding*, 645 F.2d 719 (9th Cir. 1981), a co-conspirator "spoke generally" about the conspiracy to an undercover agent. The statements, which were "narrations of things [the conspirators] had done in the past," were part of the declarant's attempts "to impress [the agent] in order to facilitate a new deal involving a new conspiracy that did not include appellant." *Id*. at 725, 727. Those statements were not admissible under Rule 801(d)(2)(E) because they were not "in furtherance of" the charged conspiracy. *Id*. at 727.

Similarly, in *Eubanks*, the Ninth Circuit held inadmissible various statements made by a co-conspirator to his common-law wife. *Eubanks*, 591 F.2d at 520. The statements detailed plans to buy drugs in various locations from various people. *Id*. The wife was not involved in the conspiracy at the time, although she later joined. *Id*. Nevertheless, the Court held that the statements did not meet the "in furtherance" test of Rule 801(d)(2)(E). The co-conspirator "was not seeking to induce [his wife] to join the conspiracy and his statement did not assist the conspirators in achieving their objectives." *Id*. Rather, "he was merely informing his common-law wife about his activities." *Id*.

Rule 801(d)(2)(E) is inapplicable to Young's statements here, for several reasons. First, the alleged conspiracy had ceased to exist as of June 2014. Mr. Gilton was arrested July 4, 2012, charged in state court, and initially indicted here on November 21, 2013. In addition, the second superseding indictment alleges overt acts only up to December 17, 2013. By the time of Young's statements, all of the defendants, like Young, were in government custody. The statements were therefore not made "during the pendency of the conspiracy." *Eubanks*, at 519.

Even assuming, arguendo, that the conspiracy was ongoing, the statements were not made "in furtherance of" it. The statements merely narrate past events and, as in *Fielding*, appear to

5

have been made for the purposes of "impressing" the informant - not to advance the goals or objectives of the conspiracy. It is simply inconceivable that Young somehow intended to further the conspiracy by describing a litany of past crimes, allegedly committed by Mr. Gilton and others.

Moreover, as in *Eubanks*, there is nothing to indicate that Young sought to recruit the informant into the conspiracy. Nor is there anything suggesting that Young sought to conceal the existence of the conspiracy. The statements themselves are nothing more than "casual admissions" made to someone Young thought he could trust. *Fielding*, 645 F.2d at 725. The alleged conspiracy was in no way "furthered" by his jailhouse admissions.

### III. Mr. Gilton's Trial Must Be Severed Because Young's Extrajudicial Statement Incriminates Him and the Prejudice will Not Be Cured by a Jury Instruction.

A. Federal Rule of Criminal Procedure 14 Provides that the Trial Court May Order Severance of Defendants if Joinder Will be Prejudicial.

A motion to sever is addressed to the broad discretion of the trial court. *United States v. Vigil*, 561 F.2d 1316, 1317 (1977); *United States v. Gay*, 567 F.2d 916, 918 (1978). Rule 14 (a) of the Federal Rules of Criminal Procedure provides that: "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."

Whenever there is a substantial risk that a defendant in a joint trial will suffer substantial prejudice by joinder with other co-defendants, he should be entitled to a severance under Rule 14. *United States v. Abushi*, 682 F.2d 1289 (9th Cir. 1982). Rule 14 provides relief from prejudicial joinder "if it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in the indictment..." *United States v. Davis*, 663 F.2d 824, 832 (9th Cir. 1981).

Although Rule 8(b) provides for joinder of defendants "if they are alleged to have participated in the same act or transaction constituting an offense," Rule 8 need not be construed with the same strictness as Rule 14, which provides the means to protect individual defendants

6

from a prejudicial joint trial. *Williams v. United States*, 416 F.2d 1064 (1969). Rule 14 may permit a severance even though the indictment complies with Rule 8. *Brown v. United States*, 375 F.2d 310, *cert. den.*388 U.S. 915 (1966).

Clearly Mr. Gilton will be prejudiced by his co-defendant's admissions regarding, as the Government puts it, "CDP, its members, and the crimes they are involved in." Severance is therefore the only appropriate remedy. Furthermore, as will be shown below, admission of the statements in a joint trial would violate the *Bruton* rule as well as violate Mr. Gilton's Sixth Amendment right to confront witnesses.

B.     The Admission of Young's Incriminatory Statement Violates the *Bruton* Rule.

Should Young's statement be admitted at a joint trial without Young testifying, Mr. Gilton will not have the opportunity to confront and cross-examine the source of the evidence. Unless the Government can establish that Young's hearsay statements are admissible against Mr. Gilton (which, as discussed above, they are not), admission of the statements, without the opportunity to cross-examine, will violate Mr. Gilton's Sixth Amendment right to confrontation. *See Bruton v. United States*, 391 U.S.123 (1968). Thus, if Young's statements are admissible against Young himself but not against Mr. Gilton, the Court should sever Mr. Gilton's trial. *See Zaflro v. United States*, 503 U.S. 534 (1993).

The essence of the Sixth Amendment right to confrontation is the right to cross-examine a witness. *Pointer v. Texas*, 380 U. S. 400, 404 (1964). Consequently, the admission of a co-defendant's statement incriminating a defendant where the co-defendant is not available for cross-examination constitutes error. *Bruton*, 391 U.S. 123. In *Bruton,* two co-defendants were tried jointly for armed postal robbery. A postal inspector testified that one of the co-defendants had confessed that he and the defendant had committed the crime. The Supreme Court found that the admission of such hearsay struck at the very heart of the confrontation clause. Furthermore, the Court held that an instruction limiting the evidence only to the defendant making the extrajudicial statement was insufficient to cure the prejudice resulting to the defendant who did not confess. *Id*. at 1623-1626.

More recently, in *Cruz v. New York*, 481 U.S. 186 (1987), the Supreme Court reaffirmed

the holding of *Bruton* and overruled the limiting plurality opinion in *Parker v. Randolph*, 442 U.S. 62 (1979). In so doing, the Court indicated its resolve to continue to uphold *Bruton* and its commitment to the principle that "[w]here two or more defendants are tried jointly . . . the pre-trial confession of one of them that implicates the others is not admissible against the others unless the confessing defendant waives his Fifth Amendment rights so as to permit cross-examination." *Cruz*, 481 U.S. at 190.

In *United States v. Sherlock*, 865 F.2d 1069 (9th Cir. 1989), the Ninth Circuit held that the district court abused its discretion in failing to grant a severance motion. Specifically, the Court found that the admission of a non-testifying co-defendant's statement constituted reversible error. In *Sherlock* both defendants were accused of raping two women. In reviewing all the testimony, the court found that the admission of the co-defendant's statement prejudiced Sherlock since it incriminated Sherlock and it was the only evidence corroborating the victim's statement. The Court also noted that there were several inconsistencies in the testimony of government witnesses. Under these circumstances, the court reversed, relying upon *Bruton*, even though the co-defendant's admissions did not explicitly implicate Sherlock.

In this case, the often-attempted remedy for admitting incriminatory statements by a co-defendant - redaction of any reference to the other defendants - is not practicable. Young's statements expressly discuss "CDP, its members, and the crimes they are involved in," thus cutting directly to the central issues in this case. There does not appear to be a means of redacting Young's extrajudicial statement that will avoid the *Bruton* problem.

## IV. CONCLUSION

Mr. Gilton will suffer clear prejudice from a joint trial with Young. Young's statement does not qualify as a co-conspirator statement and thus is inadmissible hearsay as to Mr. Gilton. Moreover, admission of the statement, without Young testifying, will violate Mr. Gilton's Sixth Amendment right to confront witnesses. Under *Bruton*, Mr. Gilton's trial must be severed from

that of Young, as a limiting instruction will be inadequate to remedy the prejudice.

Dated: March 17, 2016                    Respectfully submitted,


     /s/_____
MARK GOLDROSEN
Attorney for Antonio Gilton