1 BRIAN J. STRETCH (CABN 163973)
United States Attorney

2
DAVID R. CALLAWAY (CABN 121782)
3 Chief, Criminal Division

4 DAMALI A. TAYLOR (CABN 262489)
WILLIAM FRENTZEN (LABN 24421)
5 SCOTT D. JOINER (CABN 223313)
Assistant United States Attorneys

6
   450 Golden Gate Avenue, Box 36055
7  San Francisco, California 94102-3495
   Telephone: (415) 436-7200
8  FAX: (415) 436-6753
   william.frentzen@usdoj.gov
9  damali.taylor@usdoj.gov
   scott.joiner@usdoj.gov
10
Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ALFONZO WILLIAMS et al., <br><br> Defendants. | CASE NO. CR 13-00764 WHO <br><br> UNITED STATES' REQUEST FOR ADDITIONAL TIME TO RESPOND TO DEFENDANTS' 63 IN LIMINE MOTIONS |

**INTRODUCTION**

As of yesterday, April 4, 2016, the government has received 63 separate *in limine* motions from seven of the eleven defendants. After reviewing the motions, it appears that 6 of these are duplicative of other motions, which brings the total number of motions to 57. Defendant Antonio Gilton's motion to sever is also scheduled to be heard on May 6. 2016, and briefing on this motion will overlap with motions *in limine*. That brings the total number of motions to 58. These motions are substantive, and many could have been briefed and argued months ago. It is simply not possible for the government to

U.S. REQUEST FOR EXTENSION OF TIME
CR 13-00764 WHO

respond to this volume of motions in less than two weeks. It would also be highly unfair. There are real victims in this case who have been harmed themselves or who have lost loved ones. They deserve for this trial to move forward in a reasonable way. They do not deserve the war of attrition and endless, orchestrated motions that the defense has so far mounted. For these and all of the reasons fully explained below, the government respectfully requests an additional three weeks to respond to the litany of motions.

I.      **The defendants have filed 63 separate motions *in limine***

The government has received a total of 63 motions *in limine*. On Friday, April 1, 2016, the government received 46 motions *in limine* from the following defendants: Monzell Harding, Paul Robeson, Jaquain Young, Antonio Gilton, Barry Gilton, and Lupe Mercado. On Monday, April, 4, 2016, defendant Alfonzo Williams sent the government an additional 17 *in limine* motions. Recognizing that his motions were late, defendant Williams offered to give the government corresponding additional time to respond to those motions. Far from the standard *in limines*, the motions are substantive. They call for the exclusion of critical evidence and they require meaningful response.

To be fair, there are two or three motions the government does not intend to oppose (e.g., requests to dress the defendants in civilian clothes during trial, and request to not have the indictment in the jury deliberation room). There are also a handful of motions that border on absurd and can be responded to with less time and effort than others (e.g., defendants Harding and Gilton have moved to exclude crime scene photos—in a multiple murder RICO case; defendant Robeson has moved to exclude his tattoos). However, the majority of the motions are thinly veiled motions to suppress and motions to dismiss which could have been briefed months ago. The following are just a few examples of the substantive motions that have been served on government counsel. The full list is much larger.

| **ALFONZO WILLIAMS** |
|---|
| STRIKE AND PRECLUDE EVIDENCE OF INSUFFICIENTLY IDENTIFIED ACTS |
|    A) ALL EVIDENCE OF YOUNG ENTICING, COERCING PROSTITUTION |
|    B) STATEMENTS BY WITNESSES THAT WILLIAMS ENTICED, COERCED PROSTITUTION |
|    C) EVIDENCE FROM US V. CHEEVES |
|    D) EVIDENCE IN US V. WALKER |

| | |
|---|---|
| 1 | E) EVIDENCE CONCERNING ACTS BY CO-CONSPIRATORS |
| 2 3 | UNSPECIFIED CATEGORIES OF RECORDS ARE INSUFFICIENT DESIGNATIONS WITHOUT ANY SHOWING OF RELEVANCE |
| 4 5 | A) THE JAIL CALLS MUST BE PRECLUDED DUE TO INSUFFICIENT IDENTIFICATION; LACK OF NOTICE; DENIAL OF CONFRONTATION OR ANY SHOWING OF RELEVANCE |
| 6 7 | B) THE PHONE DOWNLOADS MUST BE PRECLUDED ABSENT IDENTIFICATION OF RELEVANCE; HEARSAY; DENIAL OF THE RIGHT OF CONFRONTATION; AND NO DESIGNATION AS CO-CONSPIRATOR STATEMENTS |
| 8 9 | C) MISCELLANEOUS DESIGNATIONS THAT ARE IMPOSSIBLE TO DETERMINE REQUIRE PRECLUSION |
| 10 | D) THE 6 TERABYTES OF POLE CAM DATA |
| 11 | E) PHONE RECORDS |
| 12 | F) EXHIBITS AND TESTIMONY ALREADY RULED INADMISSIBLE |
| 13 | STRIKE TESTIMONY AND EVIDENCE OF 1997 DRUG CHARGE AGAINST WILLIAMS; STRIKE OVERT ACT ALLEGATION 17A. |
| 14 15 | PRELUDE EVIDENCE AND TESTIMONY OF "PIMPING" AND EVIDENCE OR ALLEGATIONS OF PROSTITUTION AGAINST MR. WILLIAMS |
| 16 | PRECLUDE EXPERT TESTIMONY OF AGENT PARKER AS TO ELEMENT OF COERCION |
| 17 | STRIKE EVIDENCE AND TESTIMONY OF ACT OF WITNESS INTIMIDATION, OVERT ACT 17W; |
| 18 | PRECLUDE ADMISSION OR DISPLAY OF GANG VALIDATION/PACKETS |
| 19 | PRECLUDE RAP LYRICS AND VIDEOS |
| 20 | PRECLUDE WIRETAP EVIDENCE |
| 21 | PRECLUDE TESTIMONY AND EVIDENCE OF CAR TRACKING |
| 22 | PRECLUDE ADMISSION OF RULE 404(B) EVIDENCE |
| 23 | PRECLUDE UNIDENTIFIED "INDICIA"; EVIDENCE FROM SEARCHES |
| 24 | PRECLUDE ADMISSION OF THE SFPD SEARCH OF MR. WILLIAMS' PHONE |
| 25 | PRECLUDE ADMISSION OF CREDIT REPORTS |
| 26 | **MONZELL HARDING** |
| 27 | EXCLUDE PRIOR SPECIFIC ACTS |
| 28 | A) AUGUST 24, 2011 INCIDENT |

U.S. REQUEST FOR EXTENSION OF TIME
CR 13-00764 WHO

| | |
|---|---|
| 1 | B) OCTOBER 12, 2011 |
| 2 | C) APRIL 11, 2009 INCIDENT |
| 3 | D) APRIL 13, 2009 INCIDENT |
| 4 | E) SEPTEMBER 5, 2009 INCIDENT |
| 5 | F) OCTOBER 6, 2009 INCIDENT |
| 6 | EXCLUDE ALL UNTIMELY DISCLOSED RACKETEERING ACTS |
| 7 | MOTION TO EXCLUDE CAST REPORT, EXHIBIT 629, AS UNTIMELY DISCLOSED |
| 8 | MOTION IN LIMINE TO EXCLUDE ALL PHOTOS AND ROSTERS OF ALLEGED GANG MEMBERS AND ALL REFERENCE TO INDIVIDUALS BEING GANG MEMBERS |
| 9 | MOTION IN LIMINE TO EXCLUDE EVIDENCE OR ACTS OR STATEMENTS PRIOR TO JUNE 20, 1991 |
| 10-12 | EXCLUDE ALLEGED COCONSPIRATOR HEARSAY STATEMENTS BECAUSE THE GOVERNMENT MUST ESTABLISH THAT HARDING WAS A MEMBER OF THE CONSPIRACY BEFORE THE STATEMENTS CAN BE USED AGAINST HIM |
| 13 | PRECLUDE ANY REFERENCE TO MONZELL HARDING HAVING BEEN SHOT OR HAVING BEEN THE VICTIM OF GUN VIOLENCE |
| 14 | EXCLUDE ANY MUG SHOTS AS NOT RELEVANT AND UNFAIRLY PREJUDICIAL |
| 15-17 | PRECLUDE THE GOVERNMENT FROM ELICITING TESTIMONY THAT PHOTOGRAPHS EXTRACTED OR OBTAINED FROM HARDING'S AND OTHERS' PHONES WERE, IN FACT, EXTRACTED FROM THEIR PHONES BECAUSE SUCH TESTIMONY LACKS FOUNDATION |
| 18-19 | EXCLUDE THE GOVERNMENT FROM INTRODUCING EVIDENCE OF HARDING'S DNA TAKEN ON DECEMBER 03, 2009 BECAUSE SUCH EVIDENCE VIOLATES FRE 702 AND 403. |
| 20-21 | PRECLUDE THE GOVERNMENT FROM INTRODUCING EVIDENCE FROM HARDING'S CELLPHONE DOWNLOAD THAT OCCURRED FOLLOWING HIS JANUARY 15, 2010 ARREST AS VIOLATING THE COURT'S SUPPRESSION ORDER. |
| 22-23 | PRECLUDE THE GOVERNMENT FROM INTRODUCING EVIDENCE FROM HARDING'S CELLPHONE DOWNLOAD THAT OCCURRED FOLLOWING ITS FEBRUARY 4, 2014 SEIZURE AS LACKING FOUNDATION AND VIOLATING FRE 702 AND 403 |
| 24-25 | PRECLUDE THE GOVERNMENT FROM INTRODUCING PHOTOGRAPHS OF SHOES OR SHOEPRINTS AS VIOLATING FRE 702 AND 403 |
| 26-27 | PRECLUDE THE GOVERNMENT FROM INTRODUCING ANY HEARSAY STATEMENTS, INCLUDING HEARSAY STATEMENTS REGARDING IDENTIFICATIONS, AND OTHER STATEMENTS MADE BY THE UNNAMED, ALLEGED VICTIM IN THIS MATTER. |
| 28 | EXCLUDE GRUESOME PHOTOGRAPHS AS UNDULY PREJUDICIAL AND CUMULATIVE IN VIOLATION OF FRE 403. |

**PAUL ROBESON**

MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE OF MR. ROBESON'S MERE PRESENCE WHEN OTHERS WERE FOUND IN POSSESSION OF CRACK COCAINE.

MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE OF PRIOR DRUG POSSESSION

MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE OF OVERT ACT 17.H

MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE OF OVERT ACT 17.I

MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE OF OVERT ACT 17.L

MOTION IN LIMINE NO. 6 TO EXCLUDE EVIDENCE OF TEXT MESSAGES AND FACEBOOK COMMUNICATIONS BETWEEN MR. ROBESON AND SFPD OFFICER JULIA ANGALET

MOTION IN LIMINE NO. 7 TO EXCLUDE MR. ROBESON'S ALLEGED FACEBOOK PROFILE AND OTHER FACEBOOK MATERIAL POST-DATING THE CHARGED CONDUCT

MOTION IN LIMINE NO. 8 TO EXCLUDE EVIDENCE OF THE DEFENDANT'S TATTOOS UNDER FEDERAL RULES OF EVIDENCE 401 & 403

**ANTONIO GILTON**

IN LIMINE MOTION NO. 2: JAIL CALLS PLACED BY GILTON SHOULD BE EXCLUDED SINCE THEY ARE IRRELEVANT AND UNDULY PREJUDICIAL

IN LIMINE MOTION NO. 4: STATEMENTS OF CO-DEFENDANTS AND ALLEGED UNINDICTED CO-CONSPIRATORS NOT PREVIOUSLY DISCLOSED AND SUMMARIZED BY THE GOVERNMENT IN ITS NOVEMBER 24, 2015 LETTER(EXHIBIT B) SHOULD BE EXCLUDED

IN LIMINE MOTION NO. 5: EVIDENCE REGARDING GILTON'S FIREARM POSSESSION ON APRIL 19, 2007 SHOULD BE EXCLUDED BECAUSE THE GOVERNMENT DID NOT PROVIDE TIMELY NOTICE OF ITS INTENT TO INTRODUCE SUCH EVIDENCE

IN LIMINE MOTION NO. 6: EVIDENCE OF NOTICED "ADDITIONAL ACTS," INCLUDING GILTON'S POSSESSION OF A FIREARM ON APRIL 6 2007 AND POSSESSION OF DRUGS ON MAY 1, 2008, SHOULD BE EXCLUDED AS IRRELEVANT, UNDULY PREJUDICIAL AND CUMULATIVE

IN LIMINE MOTION NO. 7: THE GOVERNMENT SHOULD BE PROHIBITED FROM USING PRIOR CONVICTIONS TO IMPEACH GILTON, SHOULD HE TESTIFY

IN LIMINE MOTION NO. 8: THE GOVERNMENT SHOULD NOT BE ALLOWED TO USE GUILTY PLEAS OR CONVICTIONS OF ITS WITNESSES AS SUBSTANTIVE PROOF OF GILTON'S GUILT OF THE RICO CONSPIRACY

IN LIMINE MOTION NO. 11: EXCLUSION OF GRUESOME, UNDULY PREJUDICIAL PHOTOGRAPHS OF HOMICIDE VICTIMS

**BARRY GILTON**

MOTION TO EXCLUDE COPY OF BIBLE PAGE

U.S. REQUEST FOR EXTENSION OF TIME
CR 13-00764 WHO

| | |
|---|---|
| 1 | MOTION TO EXCLUDE ALL UNCHARGED CONDUCT, INCLUDING THOSE SET FORTH IN THE GOVERNMENT'S NOTICE OF ADDITIONAL ACTS |
| 2 | |
| 3 | MOTION IN LIMINE TO EXCLUDE MUG SHOTS (EXHIBITS 85, 466, 467, 554, 590, 591, 592, 603, 1086, 1210, ETC.) |
| 4 | MOTION TO EXCLUDE ANY EVIDENCE RELATED TO CDP MEMBER MICHAEL NORTHCUTT |
| 5 | **LUPE MERCADO** |
| 6 | MOTION TO EXCLUDE ALL EVIDENCE RELATED TO COUNT ONE AS TO DEFENDANT MERCADO |
| 7 | MOTION IN LIMINE TO EXCLUDE JAIL CALLS |

Government counsel is at pains to understand why motions to exclude cell phone evidence, as one example, or motions to preclude the additional acts noticed by the government in January 2016, as another example, could not be briefed earlier. It also strains credulity that defendants could file a motion to exclude references to pimping when that is one of the means and methods of the enterprise specifically charged in the Second Superseding Indictment (paragraph 14). This is a poorly disguised motion to dismiss that could have been filed at any point in 2014 or even 2015. Even if government counsel wrote a brief a day, which would be absurd, we could not respond to all 57 motions in the less than two weeks until April 15 and April 18. And the government certainly could not respond in any meaningful way.

**II.  There is no trial date and no need for so restrictive a schedule.**

Argument on the government's appeal occurred on March 16, 2016. The Ninth Circuit has yet to issue a decision. This is not surprising, as the decision could potentially be a sea change in *Miranda* law in this Circuit. While the Court had a tentative June 2016 trial date in mind, no actual trial date had been set that would permit the government to subpoena any of the more than 200 witnesses it intends to call for trial. The Court set the current tentative schedule in the hopes that a decision would be issued as of Friday, April 1, 2016. *See* Docket No. 831 ("If the mandate does not issue by April 22, 2016, I will set new dates, or a status conference, once the mandate does issue.") Then assuming, no party filed a petition for rehearing within 14 days (which would also be surprising given the significance of this legal

issue), the mandate would spread seven days later on April 22, 2016.  That tentative schedule is no longer possible.

It is for this reason as well that the government requests reasonable time to address the defendants' 63 motions *in limine*.  Government counsel respectfully requests an extension until May 6, 2016 to respond to the defendants' motions and a corresponding continuance of the upcoming hearing dates. .

**CONCLUSION**

For all of the reasons discussed above, the government respectfully requests leave to file its opposition to the defendants' *in limine* motions on May 6, 2016.

| | |
|---|---|
| DATED: April 5, 2016 | Respectfully submitted,<br><br>BRIAN J. STRETCH<br>United States Attorney<br><br>_____/s/_____<br>DAMALI A. TAYLOR<br>WILLIAM FRENTZEN<br>SCOTT D. JOINER<br>Assistant United States Attorneys |