MARK GOLDROSEN, ESQ. (CSBN 101731)
Attorney at Law
255 Kansas Street, Suite 340
San Francisco, CA  94103
Telephone:  (415) 565-9600
Facsimile: (415) 565-9601

Attorney for Defendant ANTONIO GILTON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff ) <br> ) <br> vs. ) <br> ) <br> ANTONIO GILTON, ) <br> ) <br> Defendant. ) <br> ) <br> _____ ) | CR No. 13-0764-WHO <br><br> DEFENDANT ANTONIO GILTON'S REPLY TO UNITED STATES' REQUEST FOR ADDITIONAL TIME TO RESPOND TO DEFENDANTS' IN LIMINE MOTIONS (Dkt. 962) |

The government is requesting an additional three weeks to respond to the defense in limine motions, and that the hearing on the motions be moved back by three weeks.  According to the government's proposed schedule, the oppositions will be due on May, 6, 2016, and the hearing on the motions will be Mary 27, 2016.

Mr. Gilton has no objection to the government's request so long as the defense oppositions to the government in limine motions will also be due on May 6, 2016, and that all defense and government in limine motions will be heard on the same date, May 27, 2016.[1]

Additionally, Mr. Gilton requests that the court reset the due date for the additional filings

---

[1] The government's pleading is unclear as to whether it is requesting additional time to file an opposition to the Mr. Gilton's motion for severance from Mr. Young.  The government previously agreed to file its opposition by April 22, 2016, and argue the motion on May 6, 2016.  Mr. Gilton has not objection to putting the severance motion on the same briefing and hearing schedule as the in limine motions.

1

now due on April 15, 2016 – trial memorandum, proposed jury instructions, proposed form of verdict, and additional voir dire. These can be set on the same schedule as the oppositions to the in limine motions, or on a later date, given the unlikelihood that mandate will issue from the Ninth Circuit in time for the June 6, 2016 trial date.

    As the government notes, the Ninth Circuit's mandate issues seven days after the time to file a petition for rehearing expires, or seven days after entry of an order denying a timely petition for panel rehearing, petition for rehearing en banc, or motion for stay of mandate, whichever is later. A party seeking rehearing has 14 days to file the petition. The Ninth Circuit may also stay issuance of the mandate if a party intends to file a petition for writ of certiorari in the Supreme Court.

DATED: April 5, 2016                                         Respectfully submitted,


                                                  /s/ Mark Goldrosen
                                   MARK GOLDROSEN
                                   Attorney for Antonio Gilton