Richard A. Tamor
TAMOR & TAMOR
The Sierra Building
311 Oak St., Ste. 108
Oakland, CA 94607
Tel: (415)655-1969
Fax: (415)887-7658
email: rtamor@tamorlaw.com
Web: www.TamorLaw.com

Attorneys for Defendant,
Barry Gilton

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>BARRY GILTON, et. al.<br><br>    Defendants. | No. CR 13-0764 WHO<br><br>NOTICE OF MOTION AND MOTIONS IN LIMINE<br><br>DATE:   June 17, 2016<br>TIME:   9:00 a.m.<br>COURT: Hon. William H. Orrick |

TO: BRIAN STRETCH, ACTING UNITED STATES ATTORNEY, AND TO ASSISTANT UNITED STATES ATTORNEYS, DAMALI A. TAYLOR, WILLIAM FRENTZEN, AND SCOTT JOINER:

PLEASE TAKE NOTICE that on the date set above, defendant BARRY GILTON, through counsel, will request that the Court enter an order excluding from evidence, the following:

1)    Copy of Bible Page (Government's Exhibit List #991);

2)    Any and all evidence of any uncharged act, including those listed in the United States' Consolidated Statement Regarding Additional Acts the Government Intends to Introduce at Trial (Docket Document #851);

3)    Any and all mugshots (including those listed in the Government's

| | Exhibit List #'s 85, 466, 467, 554, 590, 591, 592, 603, 1086, 1210, etc.); |
|---|---|
| 4) | Any and all evidence relating to or referencing Michael Northcutt. (Government's Exhibit List #'s 27, 226, 227). |

This motion is made on the following grounds that the foregoing evidence is not relevant, lacks foundation, constitutes hearsay, does not satisfy the standard for admissibility of other acts evidence, not probative of any material issue and would be unduly prejudicial, confuse the issues, mislead the jury, lead to undue delay, waste of time, and needless presentation of cumulative evidence.

This motion will be based upon the memorandum of points and authorities filed herein, upon such documents and records as are contained in the court's files, and upon such evidence and arguments as may be presented by counsel at the hearing of this motion.

## POINTS AND AUTHORITIES

### A. MOTION IN LIMINE TO EXCLUDE COPY OF BIBLE PAGE (GOVERNMENT EXHIBIT LIST 991)

During the execution of a search warrant on June 9, 2012 at Mr. Gilton's home at 35 Jennings Court in San Francisco, officers found a closed Bible lying on top of a nightstand. Officer Braconi testified during the preliminary hearing that he opened to a Bible page that was "folded over specifically" and read its contents. (Exh. A, p. 354). Sgt. Braconi then photocopied the Bible page and highlighted the following passage with a yellow highlighter:

> And Reuben answered them, saying, Spake I not unto you, saying, Do not sin against the child; and ye would not hear? therefore, behold, also his blood is required.

(Exh. A, p. 355; Exh. B). The court should exclude this photocopied Bible page because it lacks foundation, has been altered, and violates the best evidence rule and the rule of completeness.

The government cannot establish that the Bible page is relevant to any of the defendants because it cannot establish the necessary foundation connecting

2

them to the relevant passage. Presumably, the government intends to introduce the Bible page as evidence of the motive for Sneed's killing. The fact that the page was "folded over specifically" makes it relevant because it evidences the actor's state of mind; it reflects the actor's acceptance or belief in the applicability of the passage. ***But who folded over the page?*** Whose state of mind is being proven? The Bible was found on a nightstand in Mr. Gilton's and his wife's bedroom. The government could not establish to whom the Bible belongs, but most importantly, it could not establish the identity of the person who specifically folded over the page. The government could not establish that Mr. Gilton folded over the page, or that he even has knowledge of the contents of that page. Without this necessary foundation, the Bible page is not relevant to Mr. Gilton, or any of the other defendants for that matter.

Without identifying who folded over the page, mere possession of the Bible is not enough to impute the passage to Mr. Gilton. *See, United States v. Ordonez*, 737 F.2d 793, 800-801 (9th Cir. 1983) (ledger entries inadmissible as corpus delicti to show possession of cocaine for distribution; government was unable to identify author, and mere possession of document insufficient to show adoption of its contents). Moreover, the act of folding over the page constitutes nonverbal conduct under Fed. R. Evid. 801(a) and subject to the hearsay rule. The passage shows motive for Sneed's killing only because the act of folding over the page reflects the actor's acceptance or belief in the relevance of the passage. It constitutes an intended assertion by the actor regarding his belief in the validity of the passage– indeed, the folded page was to tell himself that it was significant. On that basis, folding over the page constitutes nonverbal conduct under Fed. R. Evid. 801(a) and subject to the hearsay rule. *See, e.g., White Industries, Inc. v. Cessna Aircraft Co.,* 611 F.Supp. 1049, 1076 (W.D. Mo. 1985) (a secretary's collection of files in response to a request by her supervisor "reflect[ed] her belief that the files she gathered were those requested; they represent[ed] her intended assertion to Mr. Tumbleson that they were"). Unless the government establishes the declarant's

identity by showing who folded over the page, the government could not establish the necessary foundation for non-hearsay under Fed. R. Evid. 801(d)(2) or any exception to the hearsay rule. *See*, *United States v. Mouzin*, 785 F.2d 682, 692 (9th Cir. 1986) (having failed to show who authored the ledger, the government failed to establish the proper foundation for non-hearsay under 801(d)(2)).

The Bible page is further inadmissible under Fed. R. Evid. 1003. Under Section 1003, a duplicate is admissible unless a genuine issue regarding authenticity exists or that it would be unfair, under the circumstances to admit the duplicate. *United States v. Childs*, 5 F.3d 1328, 1335 (9th Cir. 1993) (duplicates allowed where no signs of alteration or tampering by law enforcement occurred); *United States v. Skillman*, 922 F.2d 1370, 1375 (9th Cir. 1990) (duplicate admitted; no genuine issue of authenticity); *United States v. Smith*, 893 F.2d 1573, 1579 (9th Cir. 1990) (no genuine issue as to authenticity and no alteration). Here, both issues exist. There is a genuine issue as to authenticity because Sgt. Braconi altered the copy by highlighting a passage. The reason that the page was folded over may have nothing to do with the passage, yet the highlighting would draw the jury to the passage. It would be unfair, under the circumstances, to admit the duplicate.

Finally, the Bible page should be excluded under Fed. R. Evid. 403. Admission of the Bible page requires admission of the entire Bible under the rule of completeness, which provides that "[w]hen one party has made use of a portion of a document, such that misunderstanding or distortion can be averted only through presentation of another portion, the material required for completeness is ipso facto relevant and therefore admissible." *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 172 (1988); Fed. R. Evid. 106. The passage highlighted by Sgt. Braconi suggests that the Bible commands avenging a child by killing the wrongdoer. However, the passage is completely taken out of context because the Bible does not in any way advocate revenge killings or anything of the sort. In the context of the page itself, it is arguable whether the passage is advocating revenge killing.

Thus, the passage is misleading and confusing. As the page shows, it is difficult to read and understand, is subject to interpretation, and would require time spent regarding its proper interpretation. Any probative value that the Bible page may have, especially when no one knows who folded over the page, would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading of the jury, and waste of time.

**B. MOTION IN LIMINE TO EXCLUDE ANY AND ALL UNCHARGED CONDUCT, INCLUDING ALL THOSE SET FORTH IN THE UNITED STATES' CONSOLIDATED STATEMENT REGARDING ADDITIONAL ACTS THE GOVERNMENT INTENDS TO INTRODUCE AT TRIAL (DOCUMENT 851)**

This Court should exclude the government's long list of uncharged acts that it intends to introduce at trial set forth in Docket Document #851, none of which has anything to do with the defendants going to trial or the charged crimes. Although the government in a conspiracy case may submit proof of acts not included in the indictment, they must be within the scope of the conspiracy and "inextricably intertwined" with the crime charged. *United States v. Lillard*, 354 F.3d 850, 854 (9th Cir. 2003) (finding theft of cocaine was committed as part of a single criminal episode with charged offense of conspiracy to distribute cocaine); *United States v. Montgomery*, 384 F.3d 1050, 1061-1062 (9th Cir. 2004) (transactions "inextricably intertwined" with conspiracy because each occurred within its temporal scope and comprised the conspiracy); *United States v. Williams*, 989 F.2d 1061, 1070 (9th Cir. 1993) (finding no abuse of discretion where district court admitted evidence of "uncharged transactions" that were "closely linked to" events charged in drug conspiracy). The government has the burden of demonstrating that the proffered evidence satisfies these requirements. *United states v. Mayans*, 17 F.3d 1174, 1181 (9th Cir. 1994); *see also State of Arizona v. Elmer*, 21 F.3d 331, 336 (9th Cir. 1994) ("We have emphasized consistently that evidence of extrinsic acts may not be introduced unless the government establishes its relevance to an actual issue in the case").

The government could not meet its burden because the uncharged acts it

5

seeks to introduce in this case are not "inextricably intertwined" with the charged crimes. Evidence is "inextricably intertwined" if it "constitutes a part of the transaction that serves as the basis for the criminal charge" or "was necessary to ... permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime." *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012-13 (9th Cir. 1995). To constitute part of the crime charged, the other acts cannot be "removed in both time and circumstance" and must be part of a "single criminal episode." *Lillard*, 354 F.3d at 854 (uncharged act part of single criminal episode of charged conspiracy); *Montgomery*, 384 F.3d at 1061-62 (acts within the temporal scope of conspiracy). Here, the long list of uncharged crimes do not "constitute[] a part of the transaction that serves as the basis for the criminal charge," but instead constitute unrelated crimes removed in both time and circumstance. As the following examples show, the government seeks to introduce unrelated crimes committed by other people during remote dates:

- Evidence regarding the October 18, 2011 murder of Donte Levexier by defendants Ferdinand, Gordon and unindicted CDP member Vernon Carmichael;
- All evidence and communications (e.g., text messages, Facebook, Instagram) concerning defendant Young persuading, inducing, enticing and coercing individuals to engage in prostitution – including individuals under the age of 16;
- Evidence that in or around 2007, unindicted CDP member Leon Parker persuaded, induced, enticed and coerced a 16 year old to engage in prostitution;
- Evidence from *U.S. v. Cheeves and Elmore*, CR09-1030 CRB
- Evidence regarding the attempted kidnapping of a prostitute by defendant Robeson;
- Evidence from *U.S. v. Gregory Walker*, CR10-0772 WHA;

- Evidence concerning the pimping of a 15 year old minor and others by defendant Young;
- Recorded conversations wherein defendant Young discusses various crimes
- Evidence that from on or around September 23, 2011 through October 5, 2011, defendants Harding and Gordon committed a series of robberies (including evidence of those specific robberies).

(Exh. C, Document 851).

In its December 30, 2015, order, this Court grouped this case into two trials, noting that "with a smaller number of defendants in each reduces any potential prejudice and may obviate any *Bruton* issues." The court was "tentatively inclined to have six defendants in the first group, including the four defendants allegedly involved in the Sneed murder" and "defer[red] ruling on William's motion to sever the Sneed murder group from the rest of the defendants." (Doc 758, p. 8). The uncharged crimes listed by the prosecutor have absolutely no connection to the crimes with which the first group of defendants have been charged. All of the uncharged crimes concern other individuals, not any of the defendants in the first group. None of the uncharged crimes serve as the basis for the murder of Sneed or the firearm possession charges. Evidence relating to the uncharged crimes committed by other individuals, some as far back as 2000 and 2007, are removed in both time and circumstance to the charged crimes. Rather than being part of a "single criminal episode," they are separate crimes committed by other individuals and intended only to poison the well against the defendants going to trial.

Neither are the uncharged crimes admissible as context necessary to the jury's understanding of the crimes charged. *See*, *United States v. DeGeorge*, 380 F.3d 1203, 1219 (9th Cir. 2004) (finding jury would not have understood the relevance of the transactions and concealment charged in conspiracy to commit insurance fraud without hearing evidence that defendant had previously lost three insured vessels at sea). The charged crimes relating to the murder of Sneed and

7

firearm possession charges are easily understood without having to present the litany of other crimes committed by other people. In fact, presenting the unrelated crimes would have the opposite effect and instead confuse the issues.

The government further seeks to introduce evidence under Fed. R. Evid. 404(b), which does not fall within its scope. Rule 404(b) prohibits the use of character evidence to show conformity with that character, but allows its use for other purposes "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Under Ninth Circuit law, this Court may only admit evidence of other bad acts if it "(1) tends to prove a material point; (2) is not too remote in time; (3) is based upon sufficient evidence; and (4) in some cases, is similar to the offense charged." *United States v. Robertson*, 15 F.3d 862, 870 (9th Cir. 1994). Moreover, the government must "articulate precisely the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence." *Mayans*, 17 F.3d at 1181. The acts listed in the government's Rule 404(b) disclosure consist of acts committed by third parties, not the group of defendants being tried together. The acts of third parties could not in any way be probative of the defendants' motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. Nor do they prove a material point with respect to the crimes charged. Some of the prior acts took place as long ago as 2000, 2008, and 2009. Most of the prior crimes have any similarity to the crimes charged. Accordingly, they should not be admitted under Rule 404(b).

Finally, the other acts evidence must also satisfy the Rule 403 balancing test – its probative value must not be outweighed by the danger of unfair prejudice, confusion of the issues, undue delay, waste of time, or needless presentation of cumulative evidence. As this Court noted in its December 30, 2015 order when it grouped this case into two trials, "with a smaller number of defendants in each reduces any potential prejudice and may obviate any *Bruton* issues." Allowing

evidence of crimes committed by others who are not being tried will defeat that purpose. Worse, the defendants being tried will be tasked with defending the crimes of others. Finally, as the government's Consolidated Statement Regarding Additional Acts the Government Intends to Introduce at Trial (Document 851) shows, it lists crime after crime of the same repetitive conduct committed by various people. All of it is cumulative, prejudicial, and not in any way material to any of the crimes charged.

### C. MOTION IN LIMINE TO EXCLUDE MUG SHOTS (EXHIBITS 85, 466, 467, 554, 590, 591, 592, 603, 1086, 1210, ETC.)

This court should exclude any and all evidence of mugshots (whether belonging to defendants or third parties) because of the clear implication of criminality or associating with criminals. Indeed, courts recognize the "grave risk" of prejudice in the introduction of mugshots because they would lead the jury to believe that the subject was a police character with a criminal record. *United States v. Carrillo-Figueroa*, 34 F.3d 33, 40 (1st Cir. 1994); *see, United States v. Watts*, 532 F.2d 1215, 1217 (8th Cir. 1976). Mugshots "carry a clear implication of criminal activity that breaches the rule against admitting evidence of the defendant's bad character or brushes with the law." *United States v. Hines*, 955 F.2d 1449, 1455 (11th Cir. 1992), citing *Barnes v. United States*, 365 F.2d 509, 510 (D.C. Cir. 1966) (noting the prejudicial effect of mugshots) and *United States v. Reed*, 376 F.2d 226, 228 n.7 (7th Cir. 1967) (same). As such, even if admissible under the Federal Rules of Evidence, the First, Fifth Circuit, and 11th Circuits have adopted "very strict standards" relating to the admissibility of mugshots: (1) The government must have a demonstrable need to introduce the photographs; (2) the photographs must not imply that the defendant has a criminal record; and (3) the manner of introduction at trial must not draw attention to the source or implications of the photographs. *Id.* at 1455-1456; *United States v. Carrillo*, 20 F.3d 617, 620 (5th Cir. 1994); *Carrillo-Figueroa*, 34 F.3d at 40.

The mugshots in the present case do not satisfy the standards for admissibility under the Federal Rules of Evidence, let alone the foregoing stricter standards. The mugshots are not relevant because they do not make the existence of any consequential fact more or less probable. No identification issues exists. Under the above standards, the government has not demonstrate any need for them. Moreover, the manner in which mugshots are taken make them easily recognizable as such and they do imply a criminal record. The mushots should also be excluded under 403 because the government seeks to introduce mugshots of individuals who are not even tried with Mr. Gilton's group of defendants. These prejudicial photos will only serve to confuse the issues, prejudice the defendants based on guilt by association, cause undue delay and waste of time, and needless presentation of cumulative evidence, especially based on the numerous mugshots that the government intends to introduce

**D.  MOTION IN LIMINE TO EXCLUDE ANY EVIDENCE RELATING TO OR REFERENCING MICHAEL NORTHCUTT (GOVERNMENT EXHIBIT LIST 27, 226, 227)**

Undersigned counsel for Mr. Gilton, previously represented Michael Northcutt in *United States v. Northcutt*, 07-00669-SI, which involved a felon in possession of firearm and crack cocaine distribution case at or around same time as many of the allegations in the current Indictment. When Mr. Northcutt's name first began to appear in discovery last year, undersigned counsel gave notice to the government regarding the potential conflict. At that time, both parties agreed that there was no conflict. Recently, however, the government's gang expert testified, Sgt. Damon Jackson implied that Mr. Northcutt is a CDP gang member. Further, Mr. Northcutt's name has appeared in the government's exhibit list. It is clear that the government believes that Mr. Northcutt was a CDP gang member. In order to avoid any conflict of interest in undersigned counsel's previous representation of Mr. Northcutt, Mr. Gilton requests that this Court exclude any evidence relating to Mr. Northcutt.

Dated: April 8, 2016

          /s/
TAMOR & TAMOR
Attorneys at Law
By: Richard Tamor
Counsel for Barry Gilton