WINSTON Y. CHAN, SBN 214884,
  wchan@gibsondunn.com
JOSEPH R. ROSE, SBN 279092,
  jrose@gibsondunn.com
CASSANDRA L. GAEDT-SHECKTER, SBN 280969,
  cgaedt-sheckter@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile:  415.393.8306

Attorneys for Defendant Paul Robeson

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>            v.<br><br>ALFONZO WILLIAMS, et al.,<br><br>                    Defendants. | CASE NO. 3:13-CR-00764-WHO<br><br>**DEFENDANT PAUL ROBESON'S OPPOSITION TO THE GOVERNMENT'S MOTIONS IN LIMINE [974]**<br><br>**Hearing:**<br>Date: June 17, 2016<br>Time: 9:00 a.m.<br>Judge: Hon. William H. Orrick |

Defendant Paul Robeson submits the following oppositions to the Government's motions *in limine* nos. 7, 9, and 11-13.  Mr. Robeson joins in the co-defendants' oppositions to the Government's other motions *in limine*.

**OPPOSITION TO IN LIMINE MOTION NO. 7: THERE IS NO UNIVERSAL BAR AGAINST MISSING-EVIDENCE ARGUMENTS, AS THIS COURT AND OTHERS HAVE RECOGNIZED**

The Government's seventh motion in limine is premature, vague, and contrary to law.  The Government says that "the defendants should not be permitted to make 'missing evidence' arguments, *i.e.*, to argue improperly that a particular type of evidence is required in order to convict or that the jury cannot convict without a particular type of evidence" because "the defendants have been given access to the evidence the government has in its possession." Dkt. No. 974 at 7.  But so-called missing-evidence arguments are legitimate and appropriate in this case.

First, this same motion was denied in *Cerna*. There, the Government submitted an identical, verbatim motion. *United States v. Cerna*, No. 3:08-cr-00730-WHA, Dkt. No. 3020, at 13 (Jan. 18, 2011). Judge Alsup rejected the Government's request:

> The government seeks to preclude the defense from arguing that the jury cannot convict without a particular type of evidence. As is, the motion is too vague. There is no universal bar against defense comments regarding the government's failure to present witnesses or evidence, although in some instances certain arguments may be improper. The motion is **DENIED** without prejudice to re-raising with respect to specific instances.

*United States v. Cerna*, No. CR 08-0730-WHA, 2011 WL 838897, at *17 (N.D. Cal. Mar. 3, 2011) (emphasis in original). So too here.

Indeed, Judge Alsup's ruling was well-founded. The motion is premature and vague. There is no universal bar against negative-inference arguments. The Government's cited authority is inapposite. And the Government's request contradicts this Court's prior orders.

The Government's motion is too vague to resolve at this early juncture. It is unclear what is encompassed within the Government's conception of "'missing evidence' arguments." Dkt. No. 974 at 7. And the Government has made no effort to identify any specific arguments or evidence to which this motion would apply. It is therefore nearly impossible to determine whether particular evidence or argument would be proper. Because this motion *in limine* is imprecise and speculative, it is improper and should be denied.

Moreover, as Judge Alsup recognized, there is no universal bar against negative-inference arguments. It is legitimate to draw a negative inference from the absence of particular evidence. *See, e.g.*, *United States v. Lo*, 231 F.3d 471, 477 (9th Cir. 2000) ("Yet, in this case the absence of any direct evidence of the document's existence was not explained at trial. There is, consequently, a strong negative inference to be drawn here . . . ."). It is therefore improper to seek a universal proscription against any negative-inference argument.

Nor does the Government cite authority to the contrary. In *United States v. Florez*, the Second Circuit restated the "well established" proposition that "a federal conviction may be supported 'by the uncorroborated testimony' of even a single accomplice witness 'if that testimony is not incredible on its face and is capable of establishing guilt beyond a reasonable doubt.'" 447 F.3d

145, 155 (2d Cir. 2006) (quoting *United States v. Parker*, 903 F.2d 91, 97 (2d Cir. 1990)). That rule is inapposite here. For one, the rule applies in appellate decisions examining the sufficiency of evidence, in which all inferences are drawn in favor of the Government and the conviction must be upheld if any rational trier of fact could find the defendant guilty. *See id.* at 154. But that standard of review does not apply here, where lawyers may argue the significance of particular evidence—or lack thereof—to the jury. Further, the rule's applicability hinges on testimony "not incredible on its face" and "capable of establishing guilt beyond a reasonable doubt," which is absent in this case's empty record. *Id.* at 155. And even if such evidence were adduced at trial, *Florez* only holds that it could sustain a conviction, not that the defendant would be precluded from advancing missing-evidence arguments due to the lack of other evidence. Each defendant has a "fundamental right to present a defense," *Moses v. Payne*, 555 F.3d 742, 765 (9th Cir. 2009), and that may include missing-evidence arguments.

The Government's motion is particularly improper in this case, for the Court has already sanctioned exploration of lost and missing evidence. "A common trial tactic of defense lawyers is to discredit the caliber of the investigation or the decision to charge the defendant." *Bowen v. Maynard*, 799 F.2d 593, 613 (10th Cir. 1986). Here, the Court has already found that the Government's loss of several crucial text messages "was, at a minimum, negligent." Dkt. No. 289 at 7. And the Court also held that "Robeson is entitled at trial to explore how the government lost the emails and failed to preserve the Facebook page from October 2012." *Id.* at 8. Thus, as the Court recognized, Mr. Robeson—and perhaps other defendants—are entitled to examine the significance of missing evidence. The Government's seventh motion *in limine* contradicts that ruling. It should therefore be denied.

**OPPOSITION TO IN LIMINE MOTION NO. 9: RULE 404(B) BARS THE GOVERNMENT FROM INTRODUCING EVIDENCE OF OTHER CRIMES, WRONGS, OR ACTS**

Rule 404(b) bars evidence of "a crime, wrong, or other act" to prove a defendant's character; instead, such evidence may only be introduced for the limited purposes of "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b). The Government attempts to sidestep the protections of Rule 404(b) by arguing that the evidence it seeks to relate is "inextricably intertwined" with the crimes charged in the

indictment. Yet the Government does not actually identify any specific evidence, and instead refers to a huge category of "evidence of both charged and uncharged crimes and other acts committed by the defendants and others." Dkt. No. 974 at 8. Without identifying specific evidence, the Government's motion is deficient and should be denied.[1] Moreover, the Government misunderstands the "inextricably intertwined" analysis, as this Circuit has never applied it to such a broad swath of evidence but instead only in limited circumstances.

This Circuit has stated that Rule 404(b) does not apply to two categories of evidence that may be considered "inextricably intertwined" with a charged offense: (1) evidence that "constitutes a part of the transaction that serves as the basis for the criminal charge," and (2) prior act evidence whose admission is necessary "in order to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime." *United States v. DeGeorge*, 380 F.3d 1203, 1220 (9th Cir. 2004). This is the Government's burden to prove. *See, e.g.*, *United States v. Cervantes*, No. 12-CR-0792, 2016 WL 1029585, at *4 (N.D. Cal. Mar. 15, 2016) ("[T]he government also must make an affirmative showing how proof of each incident it seeks to admit constitutes proof of the scope of a charged conspiracy. Only then can it avoid a Rule 404(b) analysis.") (citation omitted).

The first category includes evidence that either forms an "essential element" of the crime, *United States v. Martinez-Rodriguez*, 472 F.3d 1087, 1091 (9th Cir. 2007), or is part of a "single criminal episode." *United States v. Lillard*, 354 F.3d 850, 854 (9th Cir. 2003). This is a limited category of evidence. For example, in *Martinez-Rodriguez*, the Ninth Circuit upheld the district court's admission of evidence of the defendant's two prior deportations where "proving that the defendant ha[d] been previously removed [wa]s an essential element of the government's case under" the statute. 472 F.3d at 1091. In *Lillard*, the defendant was convicted of conspiracy to possess and distribute cocaine. 354 F.3d at 852. The Ninth Circuit upheld the admission of evidence of the defendant's theft of a shipment of cocaine, where that same shipment of cocaine "provided the basis for his involvement in the conspiracy to possess and distribute cocaine." *Id.* at 854.

---

[1] In addition, the Defendants have made specific objections to evidence under Rule 404 in their affirmative motions in limine. The Defendants also reserve the right to raise further specific objections as the Government continues to designate exhibits and witnesses.

The second category of evidence is limited to that evidence which is "inextricable from and provide[s] necessary context" for charged conduct. *United States v. Williams*, 989 F.2d 1061, 1070 (9th Cir. 1993). "[I]t is obviously necessary in certain cases for the government to explain either the circumstances under which particular evidence was obtained or the events surrounding the commission of the crime." *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1013 (9th Cir. 1995). In *Williams*, for example, the Ninth Circuit upheld the admission of testimony of a cocaine customer of the defendant, whose transactions with the defendant spanned the period both prior to and during the charged drug conspiracy. 989 F.2d at 1070. The court reasoned that the witness's testimony regarding his uncharged earlier cocaine transactions with the defendant was "closely linked" to their later charged transactions, and "represented an important development" leading to the conspiracy. *Id.*

*Vizcarra-Martinez*, however, aptly demonstrates evidence that cannot be said to be "inextricably intertwined" with the crime charged and thus is subject to Rule 404(b). In that case, the defendant was charged with both conspiracy to possess chemicals used to manufacture methamphetamine as well as wrongful possession of chemicals used to manufacture methamphetamine. 66 F.3d at 1009. The district court admitted evidence that the defendant was "in possession of a small, personal-use amount of methamphetamine when he was arrested." *Id.* at 1012. The Ninth Circuit, however, reversed the district court's decision, stating that this evidence did not fall within either of these exceptions to Rule 404(b): "Coincidence in time is insufficient. . . . [T]he defendant's personal use of methamphetamine was, unquestionably, not a part of the transaction with which he was charged," as "[t]he prosecution presented absolutely no evidence that the methamphetamine in question was obtained from a member of the conspiracy or that [the defendant] had been involved in its manufacture or distribution." *Id.* at 1013.

In the specific context of RICO, the Ninth Circuit has held that "proof of predicate acts required for establishing a pattern of racketeering activity under RICO is essential," thus encompassing evidence of predicate acts within the first category. *United States v. Rubio*, 727 F.2d 786 (9th Cir. 1983). In *Rubio*, the Ninth Circuit upheld the trial court's admission of the defendant's prior drug conviction of possession for sale of methamphetamine as proof of a *predicate act* where the RICO conspiracy involved "dealing in narcotic or other dangerous drugs." *Id.* at 797-98

(emphasis added). But this category does not extend to evidence of any crime or act that does not constitute a predicate act supporting a RICO conspiracy, nor does it extend to crimes or acts that do not fit within the meaning of "racketeering activity" as it is defined in 18 U.S.C. § 1961(1). The Government also cites to a case from the Seventh Circuit, which exempted certain evidence of a criminal enterprise from Rule 404(b) "[b]ecause enterprise was an essential element of the crimes charged" in the context of RICO. *United States v. Salerno*, 108 F.3d 730, 738-39 (7th Cir. 1997). Even there, however, such evidence was limited to "crimes that detail the structure, common purpose, and continuity of the charged enterprise." *Id.* at 739. Indeed, this is a specific category of evidence limited to crimes or acts that illuminate the inner workings of the enterprise. In that case, the evidence at issue was the testimony of a witness that "revealed [the defendant's] participation in demanding and collecting street taxes . . . on behalf of the [alleged enterprise]." *Id.*[2]

In the present case, there is certainly objectionable evidence that is not "inextricably intertwined" in the discovery, but the Government's failure to identify specific evidence renders it impossible for the Court to properly perform this analysis. The Court should reject this catchall attempt to sidestep the protections of Rule 404(b) and require the Government to seek admission of specific evidence piece-by-piece.

**OPPOSITION TO IN LIMINE MOTION NO. 11: THE GOVERNMENT'S SWEEPING MOTION WOULD DEPRIVE THE DEFENDANTS OF THEIR CONSTITUTIONAL RIGHTS TO CROSS-EXAMINE WITNESSES AND PRESENT A COMPLETE DEFENSE**

The Defendants do not dispute the general principle that "[i]t has long been the law that it is inappropriate for a jury to consider or be informed of the consequences of their verdict." *United States v. Frank*, 956 F.2d 872, 879 (9th Cir. 1991). The Government's motion, however, extends beyond references to punishment, including even general statements, such as "this case has serious consequences for the defendant," or "the defendant's liberty is at stake in this trial." The Defendants

---

[2] The Government also cites *United States v. DiNome*, 954 F.2d 839 (2d Cir. 1992), and *Untied States v. Fernandez*, 388 F.3d 1199 (9th Cir. 2004), in support of its arguments. These cases are inapposite. Neither *DiNome* nor *Fernandez* deal with Rule 404(b) or the "inextricably intertwined" analysis; instead, they discuss severance motions and "spillover" prejudice involved where evidence of one defendant's racketeering activity may prejudice another. These are irrelevant to the instant motion.

Gibson, Dunn & Crutcher LLP

reserve the right to make such references as is necessary to present a full and fair defense. The Government also fails to recognize certain exclusions from this general rule that are necessary to preserve the Defendants' constitutional rights.

First, the Defendants reserve their constitutional right under the Sixth Amendment to present a full and fair defense, which includes raising any affirmative defense, such as sentencing entrapment. "Sentencing entrapment occurs where a defendant, although predisposed to commit a minor or lesser offense, is entrapped in committing a greater offense subject to greater punishment." *United States v. Cortes*, 757 F.3d 850, 860 (9th Cir. 2013) (internal quotation marks and citation omitted). This Circuit has held that sentencing entrapment is a question that "must be tried to a jury where the defendant's argument and the evidence raise the possibility of changing the applicable statutory maximum or minimum sentences." *Id.* at 863-64; *see also* Dkt. 289 at 8 ("Contrary to the government's argument at the hearing, [a sentencing entrapment] defense is an issue for the jury, not for me at sentencing."). Thus, the Defendants must be permitted to reference punishment in front of the jury in the context of any affirmative defense that requires it or puts the punishment or sentence at issue.

Second, the Defendants reserve their constitutional right under the Confrontation Clause of the Sixth Amendment to reference punishment as proper impeachment material for the cross-examination of cooperating witnesses. *See United States v. Larson*, 495 F.3d 1094, 1105 (9th Cir. 2007) ("[W]hile the Government has an interest in preventing a jury from inferring a defendant's potential sentence, any such interest is outweighed by a defendant's right to explore the bias of a cooperating witness . . . .") (citing *United States v. Chandler*, 326 F.3d 210, 223 (3d Cir. 2003) ("[W]hile the government had a valid interest in keeping from the jury information which it might infer [the defendant's] prospective sentence were she to be convicted, that interest . . . had to yield to [the defendant's] constitutional right to probe the possible biases, prejudices, or ulterior motives of the witnesses against her.") (internal quotation marks omitted)). To hold otherwise would violate the Defendants' constitutional rights.

**OPPOSITION TO IN LIMINE MOTION NO. 12: THE COURT SHOULD NOT ISSUE A BLANKET ORDER EXCLUDING PAST CHARGING DECISIONS UNTIL ASSESSING WHETHER PARTICULAR EVIDENCE IS RELEVANT AND APPROPRIATE**

The Defendants should be permitted to introduce argument or evidence of previous charging decisions. *See, e.g.*, *United States v. White*, 692 F.3d 235, 246 (2d Cir. 2012) ("Indeed, this [constitutional] guarantee [to present a complete defense] would be an empty one if, in view of prosecutorial charging discretion, we barred evidence of charging decisions in all instances with no regard for its reliability or relevance."); *Bowen v. Maynard*, 799 F.2d 593, 613 (10th Cir. 1986) ("A common trial tactic of defense lawyers is to discredit the caliber of the investigation or the decision to charge the defendant."). The Government presents no authority to suggest otherwise. Such references, however, "may be proper subjects for cross-examination and argument," *White*, 692 F.3d at 246, and thus the Defendants reserve this right under the Sixth Amendment.

**OPPOSITION TO MOTION IN LIMINE NO. 13: THERE IS INSUFFICIENT INFORMATION TO RULE ON THE ADMISSIBILITY OF CONVICTIONS**

As a preliminary matter, the Government must identify specific prior convictions that it intends to use. Its motion is deficient and meaningless otherwise, and should be denied. Indeed, Mr. Robeson has not yet decided whether he will testify or what such testimony may address. He reserves the right to make this decision after the presentation of the Government's case in chief. Without this information—what convictions the Government intends to use and what Mr. Robeson's testimony would entail—it is impossible to analyze the nexus between testimony and conviction outlined by the Ninth Circuit.

**MOTION FOR JOINDER IN OPPOSITIONS TO MOTIONS IN LIMINE NOS. 1-6, 8, AND 10**

Mr. Robeson hereby moves to join the oppositions to the Government's motions *in limine* nos. 1-6, 8, and 10 to be filed by codefendants.

Dated: May 9, 2016

                                        WINSTON Y. CHAN
                                        JOSEPH R. ROSE
                                        CASSANDRA L. GAEDT-SHECKTER
                                        GIBSON, DUNN & CRUTCHER LLP

                            By: /s/ Winston Y. Chan
                                     Winston Y. Chan
                                 Attorneys for Defendant Paul Robeson